Abatement Order filed November 20, 2015



In The

# Fourteenth Court of Appeals

_____

## NO. 14-15-00386-CV
_____

**RONKE OLLEY AND JEFF OLLEY, Appellant**

**V.**

**VALPLACE HOUSTON I-10 WEST TEXAS LP, COMMONLY KNOWN AS VALUE PLACE HOTEL, Appellee**

---

**On Appeal from the 190th District Court
Harris County, Texas
Trial Court Cause No. 2014-29959**

---

## ABATEMENT ORDER

Ronke and Jeff Olley seek to proceed as indigents in this appeal. On May 11, 2015, the trial court sustained a contest to the Olleys' affidavit of indigence and ruled they were not entitled to proceed as indigents. On May 19, the Olleys filed a motion in this court challenging the trial court's order sustaining the contest. On May 29, we denied the Olleys' motion by written order. Specifically, we held that the affidavit does not contain all the facts required under rule 20.1(b) [because it] is

silent as to appellants' cash on hand, other assets, monthly expenses, and ability to obtain a loan."

Subsequently, the Olleys filed a motion for rehearing and motion for en banc reconsideration of our denial, to which they attached an "Amended Statement of Inability to Pay Costs for Appeal." However, our review of the "amended" statement reveals that it bears the identical April 27, 2015 declaration as appellant's previous filing. In other words, although appellants interlineated, for example, the amount of monthly rent, there is no declaration to support any new facts. Further, in response to this court's request, the trial court advised by letter of October 9, 2015, that the appellants did not file document titled "Amended Statement of Inability to Pay Costs for Appeal" with the trial court.

Therefore, we ORDER that appellants shall have the following opportunity to cure the affidavit of indigence pursuant to Tex. R. App. P. 20.1(c)(3): Appellants may file an amended affidavit with the trial court within 15 days, curing (a) the defects identified by our prior order of May 29, 2015, and (b) the defect in declaration identified in this order. Pursuant to Tex. R. App. P. 20(h)(4), we also hereby REFER the matter of any amended affidavit to the trial court. *See also Higgins v. Randall County Sheriff's Office*, 193 S.W.3d 808 (Tex. 2006) (noting the opportunity to cure any defect in an indigence affidavit before dismissing the appeal). Should appellants timely file an amended affidavit, the trial court is instructed to proceed as usual with the amended affidavit and notify this court of its ruling and forward to this court a supplemental clerk's record and any supplemental reporter's record. Should appellants fail to timely file an amended affidavit, the trial court is instructed to notify this court of such failure.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket either

when the trial court advises that no amended affidavit is filed or when the clerk's record concerning the amended affidavit of indigence is filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.

PER CURIAM